# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**MILLERS MUTUAL FIRE INSURANCE
COMPANY OF TEXAS, a foreign corporation,**

        Plaintiff,

vs.                                     **No. CIV 99-1066 LCS**

**STUART L. STEIN, P.A., a New Mexico
corporation,**

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant's Motion to Dismiss *(Doc. 18)*, filed March 9, 2000; Plaintiff's Motion to Stay Ruling on Defendant's Motion to Dismiss *(Doc. 28)*, filed April 26, 2000; and Plaintiff's Motion for Summary Judgment on Defendants' Counterclaim for Bad Faith *(Doc. 40)*, filed May 19, 2000.  The United States Magistrate Judge, presiding with the consent of the parties in accordance with 28 U.S.C. § 636(c), has considered the pleadings, the motions, the memoranda of the parties, and the relevant law.  The Court finds that Defendant's Motion to Dismiss is not well taken and should be denied; that Plaintiff's Motion to Stay Ruling is moot and should be denied on that basis; and that Plaintiff's Motion for Summary Judgment on Counterclaim is well taken and should be granted.

## Background

Plaintiff issued a business owners' insurance policy to Defendant and Windy Hill, Inc.

That policy was in effect from July 15, 1997 through July 15, 1999.  Section II of that policy

provided certain coverages and limitations.  In addition, a "Personal Injury and Advertising Injury

Exclusion," No. CAP5130896, may have been a part of the policy.  That exclusion states that

"Liability for personal injury and advertising injury, as defined in SECTION II –

COMPREHENSIVE BUSINESS LIABILITY, BUSINESS LIABILITY AND MEDICAL

EXPENSES DEFINITIONS, is excluded."

On January 20, 1999, a First Amended Complaint was filed in Second Judicial District

Court for the County of Bernalillo, State of New Mexico in the case of Financial & Estate

Planning International, Inc. ("FEPI"), v. Stuart L. Stein & Stuart L. Stein, P.A., No. CV 99-

00345.  The First Amended Complaint seeks damages from Stuart L. Stein and Stuart L. Stein,

P.A., for alleged unfair trade practices, malicious abuse of process, interference with contractual

relations and prima facie tort.  FEPI alleges that Stein and his professional association made

statements and initiated court proceedings against it in an attempt to intimidate or harass FEPI

and scare or otherwise dissuade current clients and potential clients from doing business with

FEPI.

Plaintiff issued a Reservation of Rights letter to Defendant on March 19, 1999.  In that

letter, Plaintiff agreed to provide a defense of the state court action, subject to its right to

withdraw its defense if it becomes clear that coverage was not available under the policy.  Plaintiff

also reserved its right to file a declaratory judgment action against Defendant to determine its duty

to defend or indemnify.  Although the Reservation of Rights letter listed a number of exclusions

that Plaintiff asserted could limit or deny coverage, the letter did not specifically mention the

exclusion contained in CAP5130896.  Plaintiff also did not mention in the letter that it would seek

reimbursement for legal fees if it were determined at a later date that it did not have a duty to defend.

Plaintiff filed this declaratory judgment action on September 23, 1999, seeking a declaration that it has neither a duty to defend nor indemnify Defendant in the state court action. Defendant filed a First Amended Answer and Counterclaim for Bad Faith *(Doc. 26)* on April 19, 2000. The counterclaim alleges that Plaintiff breached the covenant of good faith and fair dealing and violated the Unfair Insurance Practices Act, N.M. Stat. Ann. § 59A-16-20, by filing this declaratory judgment action in federal court rather than filing it in the underlying state court case, and by seeking reimbursement of attorney fees even though the Reservation of Rights letter failed to mention that Plaintiff might seek reimbursement of those fees.

Defendant filed a motion to dismiss on March 9, 2000, arguing that under New Mexico law, actions for a declaratory judgment to resolve an insurer's duty to defend must be brought in the underlying tort case rather than as a separate cause of action. Plaintiff filed a motion to stay ruling on the motion to dismiss on April 26, 2000. Plaintiff also filed a motion for summary judgment on the bad faith counterclaim on April 26, 2000.

**Analysis**

1.  Defendant's Motion to Dismiss.

When considering Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in Plaintiff's complaint as true and construes them in the light most favorable to Plaintiff. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Dismissal is appropriate only if it appears that Plaintiff can prove no set of facts that

3

would entitle Plaintiff to relief.  *See id.*

Defendant's motion to dismiss argues that "actions by an insurer to determine coverage and a duty to defend an underlying action must be brought in the underlying action."  *See* Mem. Br. in Supp. of Motion to Dismiss *(Doc. 19)* at 3.  Defendant points to two decisions by the New Mexico Supreme Court, *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 642 P.2d 604 (1982), and *Lopez v. New Mexico Pub. Schls. Ins. Auth.*, 117 N.M. 207, 870 P.2d 745 (1994), and two recent decisions by district judges of this Court, *State Farm Fire & Casualty v. Ruiz*, 36 F. Supp. 2d 1308 (D.N.M. 1999) and *Nieto v. Kapoor*, 61 F. Supp. 2d 1177 (D.N.M. 1999).  In all four of the cases cited by Defendant, factual issues concerning the nature of the underlying tort action prevented the court hearing the declaratory judgment action from deciding that there was no duty to defend.  For example, in *Mullenix*, the complaint in the underlying action tended to show an occurrence within the coverage of the policy, but the insurer's investigation revealed that an exclusion for property "transported" or "in charge of" the insured applied.  *See Mullenix*, 97 N.M. at 619, 642 P.2d at 605.  The *Mullenix* holding is quite clear:  once a complaint on its face tends to show an occurrence that fits within the coverage of the policy, the insurer owes its insured a duty to defend until factual determinations are made by the court in the underlying action that would relieve the insurer of liability.  *See id.* at 620, 642 P.2d at 606.

The New Mexico Supreme Court reiterated the *Mullenix* holding in *Lopez v. New Mexico Pub. Schls. Ins. Auth.*, 117 N.M. 207, 210, 870 P.2d 745, 748 (1994).  In *Lopez*, the underlying lawsuit was based on alleged sexual molestation of a student by a special education teacher, as well as claims for negligent hiring and retention, negligent supervision, failure to ensure the student's safety and liberty, and failure to provide an education in a special education classroom

4

and to prepare an individual education program (IEP). *See id.* at 208, 870 P.2d at 746. The insurance policy had an exclusion that applied to all claims arising out of sexual misconduct. *See id.* The court held that "[w]hether an insurer has a duty to defend is determined by comparing the factual allegations in the complaint with the insurance policy." *Id.* at 209, 870 P.2d at 747. The court concluded that, "as a matter of law . . . all of the tort claims except for the alleged IEP violations and constitutional rights violations arose from the alleged molestation of M.B.; therefore, there is no insurance coverage for those claims." *Id.* As a result, the court determined that there was no duty to defend the negligent hiring claim. *See id.* at 210, 870 P.2d at 748.

However, that did not the inquiry. Because the complaint in the underlying suit alleged claims that did not necessarily arise out of the molestation (i.e., the civil rights and IEP violations), the court concluded that the insurance authority had a duty to defend until it could be established in the underlying action that all remaining claims arose out of sexual molestation. *See id.* The key holding in *Lopez* is captured in the following passage:

> Thus, under Mullinex, only if this Court can say that all claims arose out of the molestation as a matter of law would we not remand the question to the trial court in the primary lawsuit.

*Id.* Thus, in clear language, the New Mexico Supreme Court acknowledges that not all declaratory judgment actions involving duty to defend must be resolved in the primary lawsuit. A declaratory judgment action to resolve a duty to defend must be dismissed only if there are factual disputes involving the underlying lawsuit. For example, if the *Lopez* plaintiff had not brought the civil rights and IEP claims, the court would have entertained the declaratory judgment action because it had already determined that as a matter of law the other claims fell within the exclusion. *See id.* at 209-10, 870 P.2d at 747-48. Defendant's facial challenge to *any* declaratory judgment

action that seeks to determine coverage and a duty to defend in a separate lawsuit is therefore incorrect.

In this case, Plaintiff alleges that the underlying complaint on its face falls within a blanket exclusion of all personal injury and advertising injury claims. Resolution of that issue does not appear to require any factual determinations in the underlying lawsuit. Of course, it may turn out that there are factual disputes that must be resolved in the underlying lawsuit, thus preventing this Court from finding that there is no duty to defend. However, Defendant has not yet identified any such factual issues, choosing instead to argue this more general challenge to any declaratory judgment action to determine duty to defend. Therefore, the motion to dismiss must be denied because it is possible for Plaintiff to prevail in this declaratory judgment action if Plaintiff demonstrates that, as a matter of law, the underlying suit falls within an exclusion without the need to resolve a factual dispute.

### 2. Motion to Stay Ruling on Motion to Dismiss

Plaintiff moves for the Court to stay its ruling on the Defendant's Motion to Dismiss until the Court can determine whether factual findings will be necessary in this action that might conflict with the underlying state law case. Because the Motion to Dismiss will be denied, Plaintiff's Motion to Stay is moot and it shall be denied on that basis.

### 3. Plaintiff's Motion for Summary Judgment on Bad Faith Counterclaim

Plaintiff filed its Motion for Summary Judgment on Defendant's Counterclaim for Bad Faith *(Doc. 40)* on May 19, 2000. The Court's briefing schedule order *(Doc. 36)* provided that

any motions to dismiss the counterclaim would be fully briefed by June 26, 2000.  Defendant has

not filed a response to the motion for summary judgment on the counterclaim.  Local Rule

D.N.M. LR-Civ. 7.5(b) provides that failure to serve or file a response constitutes consent to

grant the motion.  Accordingly, I find that Defendant consents to dismissal of the bad faith

counterclaim.

I also find that Plaintiff's motion for summary judgment on the bad faith counterclaim is

well taken on its merits.  Defendant's counterclaim appears to allege that two of Plaintiff's actions

constitute bad faith: first, the Plaintiff is seeking reimbursement for costs incurred in defending the

underlying state court claim despite the fact that Plaintiff's reservation of rights letter did not

notify Defendant that Plaintiff would seek reimbursement; and second, that Plaintiff exhibited bad

faith by filing this lawsuit in federal court despite "clear case law . . . which has held that an

insurer who seeks a declaration of non-coverage must seek[] that determination in the primary

action."  Counterclaim for Bad Faith *(Doc. 26)* at ¶ 9.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and

. . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The

Court must "examine the factual record and reasonable inferences therefrom in the light most

favorable to the non-moving/opposing party."  *Kidd v. Taos Ski Valley, Inc.*, 88 F.3d 848, 851

(10th Cir. 1996).  However, the party opposing summary judgment must come forward with

sufficient evidence upon which a reasonable jury could find a verdict for that party.  *See Anderson

v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

It is undisputed that Plaintiff is providing a defense for Defendant in the underlying state

court action under a reservation of rights.  New Mexico law recognizes that an insurer has a right

of restitution against an insured if it erroneously makes a payment due to a mistake of facts.  *See Aetna Life Ins. Co. v. Nix*, 85 N.M. 415, 417, 512 P.2d 1251, 1253 (1973).  Although it appears that the New Mexico appellate courts have not addressed the issue of whether an insurer has a right to seek reimbursement of defense costs, other jurisdictions recognize a right of reimbursement of defense costs.  *See Certain Underwriters v. Orxy Energy Co.*, 142 F.3d 255 (5th Cir. 1998); *Buss v. Superior Ct.*, 939 P.2d 766, 776 (Cal. 1997).  Because New Mexico law does not rule out an action for restitution of defense costs, and because other jurisdictions allow such actions, Plaintiff cannot be accused of bad faith for bringing such an action.

Defendant correctly notes that the reservation of rights letter did not specifically mention that Plaintiff might seek reimbursement of defense costs.  Under New Mexico law, the failure of an insurer to list a defense in a reservation of rights letter may constitute a waiver of the defense if the insured can establish detrimental reliance or prejudice.  *See Larson v. Occidental Fire & Casualty*, 79 N.M. 562, 564, 446 P.2d 210, 212 (1968), *overruled on other grounds by Estep v. State Farm Mut. Auto. Ins. Co.*, 703 P.2d 882 (1985).  The reservation of rights letter put Defendant on notice that the defense of the action could be withdrawn at any time if Plaintiff established that there was no duty to defend, and it also informed Defendant that it could retain its own attorney at its own expense.   Defendant has not identified any facts that would establish that it was prejudiced by Plaintiff's failure to specifically mention in its reservation of rights letter that it might seek reimbursement of defense costs.  Under these circumstances, Plaintiff has a good faith legal argument that it is entitled to reimbursement of its costs.

With respect to the argument that filing this action in federal court demonstrates bad faith, the Court has already explained that this action is not foreclosed automatically under New Mexico

8

law.  Therefore, Defendant's bad faith claim on this point must be dismissed.

## Conclusion

WHEREFORE, IT IS ORDERED that Defendant's Motion to Dismiss *(Doc. 18)*, filed March 9, 2000, is **denied**; Plaintiff's Motion to Stay Ruling on Defendant's Motion to Dismiss *(Doc. 28)*, filed April 26, 2000, is **denied as moot**; and Plaintiff's Motion for Summary Judgment on Defendants' Counterclaim for Bad Faith *(Doc. 40)*, filed May 19, 2000, is **granted**.

IT IS FURTHER ORDERED that Defendant's counterclaim for bad faith is **dismissed with prejudice**.

Leslie C. Smith
United States Magistrate Judge

F:\Brian\Opinions\99-1066 dismiss

9